UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. GARROW, SR. and
SHARON L. GARROW,

      Plaintiffs,

                            File No. 1:15-cv-1277

v.

                            HON. ROBERT HOLMES BELL

WELLS FARGO BANK, N.A.,

      Defendant.
                               /

**O P I N I O N**

This is a mortgage foreclosure case. The matter came before the Court on Defendant Wells Fargo Bank, N.A.'s "motion to dismiss and/or motion for summary judgment." (ECF No. 4.) "Whether a district court must provide notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571 (6th Cir. 2001) (citing *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers*, 203 F.3d 926, 931 (6th Cir. 2000)). "Where one party is likely to be surprised by the proceedings, notice is required." *Shelby Cnty.*, 203 F.3d at 931. The Sixth Circuit has found that plaintiffs are unlikely to be surprised by an award of summary judgment when there are "frequent references by both sides to summary judgment, as well as . . . consistent attachment by both sides of exhibits and affidavits to their filings." *Hayes*, 266 F.3d at 571. In this matter, Plaintiffs titled their response brief as a "brief in response to Defendant's motion to dismiss *and/or summary*

*judgment,*" included the Rule 56 evidentiary standards when briefing the standard of review, attached exhibits to their response brief, and, in closing, requested that this Court "deny Defendant's motion for summary judgment[.]" (Pls.' Resp. to Mot. Summ. J. 16, ECF No. 6, PageID.428.) Plaintiffs' actions demonstrate that they are aware this motion may be treated as a motion for summary judgment. Accordingly, the Court will treat this matter as a motion for summary judgment without providing prior notice to Plaintiffs that it intends to do so.

## I.

This matter involves the property located at 11343 Deepwater Point Lane, Rapid City, Michigan (the "Property"). On April 14, 2004, Plaintiffs Robert L. Garrow, Sr. and Sharon Garrow obtained a $513,600 line of credit from Wells Fargo. (EquityLine Agreement, ECF No. 5-2.) The line of credit was secured by a Mortgage on the Property. (Mortgage, ECF No. 5-3.)

By June of 2013, Plaintiffs had fallen behind on their payments and requested a loan modification. On June 17, 2013, Defendant notified Plaintiffs that their loan modification request was denied because the property was a vacation home. (Compl. ¶ 15.) Plaintiffs' appeal of the decision was also denied. In February 2014, Plaintiffs again requested a loan modification. (*Id.* ¶ 22.) That request was denied on August 6, 2014, because the Property was still deemed a vacation home and because Plaintiffs had failed to show sufficient income. (*Id.* ¶ 24.) Plaintiffs appealed this decision as well. The appeal was denied. (*Id.* ¶ 26.) In April 2015, Plaintiffs again sought a loan modification review. (*Id.* ¶ 31.) This

request was denied. (ECF No. 5-6.) On August 19, 2015, Plaintiffs' appeal of that decision was denied. (ECF No. 5-7.)

A Sheriff's Sale was scheduled for November 20, 2015. On November 19, 2015, as a result of Defendant's actions during the loan modification review process, Plaintiffs filed this action in state court. Defendant removed the matter to this Court on December 10, 2015. (ECF No. 1.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, a "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'"

*Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586-87). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

As a result of Defendant's failure to provide a loan modification to Plaintiffs, Plaintiffs have raised 7 claims:[1] (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024.41; (2) fraud in the inducement; (3) fraud/misrepresentation; (4) promissory estoppel; (5) breach of the covenant of good faith and fair dealing; (6) a request for relief from the Sheriff's Sale and to set aside the foreclosure; and (7) a request for declaratory and injunctive relief against Defendant.

**A. RESPA Claims**

Plaintiffs' first claim alleges that Defendant violated "Regulation X" of RESPA, 12 C.F.R. § 1024.41 et seq. Plaintiffs' claims can be summarized as arguing that (1) Plaintiffs were wrongfully denied a loan mortgage modification even though they were qualified; and (2) Defendant failed to follow the proper procedures when reviewing Plaintiffs' loan modification application—specifically, that Defendant failed to complete the loan

---

[1] Plaintiffs also initially raised a claim requesting that this Court quiet title. Plaintiffs have withdrawn this claim. (Pls.' Resp. to Mot. Summ. J. 14.)

modification review within 30 days of receiving a completed package, and failed to provide Plaintiffs with the required notice of delinquency.

Plaintiffs' contention that Defendant wrongfully denied their loan modification application "based on a mistaken belief that second homes are not eligible for modification" fails because there is no such thing as a "wrongful denial" under RESPA, so long as the regulation's procedures are followed. *See* 12 C.F.R. § 1024.41(a) ("Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option."); *Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X)*, 78 Fed. Reg. 10696-01, 10818, 2013 WL 525347 (Feb. 14, 2013) ("Borrowers are entitled to receive certain protections regarding the process (but not the substance) of those evaluations."); *Houle v. Green Tree Servicing, LLC*, No. 14-cv-14654, 2015 WL 1867526, at *2 (E.D. Mich. Apr. 23, 2015) ("The problem for plaintiff in this case is that even if defendant had . . . qualified for a loan modification, the lender is not required to provide one.").

Plaintiffs' claim that Defendant failed to follow the required procedures when evaluating Plaintiffs' loan modification application also fails. Regulation X went into effect on January 10, 2014. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 297 (6th Cir. 2013). Loan servicers cannot be held liable under RESPA for conduct violating Regulation X's procedural requirements when that conduct occurred prior to Regulation X's effective date. *See id.* (explaining why Regulation X does not apply retroactively). Plaintiffs note that their

initial loan modification application for the Property was denied "on or about June 17, 2013." (Compl. ¶ 15.) Thus, Defendant is not liable for violating Regulation X with regard to this loan transaction.

Moreover, Plaintiffs' complaint states that, as a result of "Defendant's numerous violations of RESPA and [Consumer Finance Protection Bureau] rules," Plaintiffs have suffered damages "including but not limited to the loss of their home, all the money they have invested in the property along with over $200,000 in equity now existing in the home." (Compl. ¶ 51.) Plaintiffs have failed, however, to make a sufficient showing that the alleged violations–rather than the failure to make the required payments–were the true cause of Plaintiffs' damages. *See Dent v. Inv. Corp. of Am.*, No. 15-cv-11268, 2015 WL 9694807, at *4 (E.D. Mich. Dec. 23, 2015) (dismissing RESPA claim because "Plaintiffs have also failed to demonstrate that they suffered any harm as a result of Defendant's actions").

For instance, while Plaintiffs contend that they would have "sought other avenues to maintain the home . . . prior to the ballooning of the loan," (Pls.' Resp. to Mot. Summ. J. 6), Plaintiffs still had the opportunity to do so. The initial loan modification application was denied on or about June 17, 2013, and the loan was not set to mature until April 20, 2014. (Mortgage, ECF No. 6, PageID.440.) Rather than seek other avenues to maintain the home, Plaintiffs kept reapplying for a loan modification that had already been denied. And while Plaintiffs contend that they lost their home "[a]s a direct result of Defendant's inability to accurately review Plaintiffs' loan request," (Pls.' Resp. to Mot. Summ. J. 6), Plaintiffs fail

6

to consider that, regardless of Plaintiffs' qualifications, Defendant was still not obligated to provide a loan modification. *See Campbell*, 611 F. App'x at 295 ("Campbell has not shown how she would have been in a better position to preserve her interest in the property had she met with Nationstar because the law still permitted Nationstar to foreclose without granting a modification."); *Dent*, 2015 WL 9694807, at *4 ("Plaintiffs are thus unable to demonstrate that Defendant caused the foreclosure on the Property because Defendant had no obligation to offer mortgage assistance, and because Plaintiff has failed to present any evidence that, but for Defendant's actions, they would have been able to redeem or otherwise preserve their ownership of the Property.").

In short, Plaintiffs' RESPA claim will be dismissed because Defendant was under no duty to provide Plaintiffs with a loan modification regardless of Plaintiffs' qualifications, and because Plaintiffs have failed to make a sufficient showing that any damages that occurred were a result of Defendant's failure to properly review Plaintiffs' applications. Lastly, the Court notes that the principal relief Plaintiffs seek—to set aside the wrongful foreclosure and any sheriff sale and to vest title back in Plaintiffs—is not available under RESPA. *Braat v. Wells Fargo Bank, N.A.*, No. 1:15-cv-483, 2015 WL 5225604, at *2 (W.D. Mich. Sept. 8, 2015) ("Plaintiff cannot seek equitable relief under RESPA.").

**B. Fraud in the Inducement and Fraud/Misrepresentation**

Count II of Plaintiffs' complaint raises a claim of fraudulent inducement, and Count III raises a claim of "fraud/misrepresentation." The fraudulent inducement claim alleges that

Defendant, "by and through its representatives, agents, employees, nominees, and written correspondences made material representations to Plaintiffs that they could modify or otherwise extend their balloon mortgage and that said application would be reviewed to determine if they were eligible for a loan modification or balloon extension . . . [F]urther, Defendant wrongfully stated Plaintiffs were not eligible for modification because the home is not their primary residence." (Compl. ¶¶ 53-54.) Plaintiffs' fraud/misrepresentation claim again alleges that Defendant falsely represented that the home was not eligible for modification because it was a vacation home, and also alleges that "Defendant further misrepresented the qualifications and guidelines under the HAMP program as secondary homes are eligible for modification." (Compl. ¶ 65.)

Plaintiffs' claims fail for several reasons. *First*, as Defendants note, "Plaintiffs' fraud claims fail under the well-established rule that precludes pursuing a tort remedy when the parties' relationship is governed by a contract," and Plaintiffs have failed to plead any independent duty owed to them that does not arise out of the contractual relationship. Plaintiffs contend that Defendant took on an independent duty when it "accepted government funding and voluntarily entered into the HAMP loan modification program." The Sixth Circuit has made clear, however, that "Michigan courts have not recognized that" HAMP regulations impose on servicers a duty of care owed to borrowers. *Campbell*, 611 F. App'x at 299 (6th Cir. 2015). Further, while Plaintiffs vaguely state that an additional duty was imposed on Defendant based on Defendant's "own correspondences and conduct," they do

not specifically identify the correspondences and conduct that imposed such a duty. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials.").

*Second*, Federal Rule of Civil Procedure 9(b) provides that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). The allegedly fraudulent statements referred to in Plaintiffs' complaint do not identify the speaker and do not state where and when the statements were made. Moreover, while Plaintiffs allege that material misrepresentations were made in writing, they do not specifically identify the documents containing such representations.

*Third*, even if the claims were pleaded with the required particularity, the Michigan statute of frauds would preclude these claims. The statute of frauds provides that an action shall not be brought against a financial institution to enforce a promise or commitment to waive a provision of a loan or make any other financial accommodation "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2). The statute creates an "unqualified and broad ban" of any claim, "no matter its label," against a financial institution to enforce a "promise

or commitment . . . to modify, or permit a delay in repayment or performance of a loan," or to "make any other financial accommodation." *Id.* § 566.132(2)(a-b).

Again, while Plaintiffs state that "the offers to review the loan modification were in writing," the only written document that Plaintiffs' response brief cites to while arguing that Plaintiffs' fraud claims should not be barred references "written promises to Plaintiffs that Plaintiffs' loan could be reviewed for modification and that a modification may be able to save their property from foreclosure." (Pls.' Resp. to Mot. Summ. J. 9, PageID.421.) When responding to a motion for summary judgment, Plaintiffs cannot rely on the allegations in their pleadings, but must come forward with "specific facts based on discovery and disclosure materials on file." *Chappell*, 585 F.3d at 912. "The Court need consider only the cited materials." Fed. R. Civ. P. 56(c)(3). Considering these cited materials, the statements that "Plaintiffs' loan *could* be reviewed" and that a modification "*may* be able to save their property" do not qualify as fraudulent statements. *See Saad v. Wayne Cnty. Register of Deeds*, No. 11-15590, 2013 WL 3455628, at *6 (E.D. Mich. July 9, 2013) (discussing the precatory nature of such statements).

Plaintiffs' response to Defendant's motion for summary judgment does not specifically identify any written promise made by Defendant that "the application would be reviewed to determine if they were eligible for a loan modification or balloon extension," and thus, this allegation is also barred by the statute of frauds. Even if it were not, however, the claim would still fail, as there is no dispute that Plaintiffs' application *was* reviewed on

10

numerous occasions. Plaintiffs' dissatisfaction with the outcome of the review process is not an adequate basis for a fraud claim.

Moreover, the Sixth Circuit has rejected Plaintiffs' unsupported argument that, in order for Michigan's statute of frauds to apply, "the financial institution must be exposed to a risk of loss." *See Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 469 (6th Cir. 2012) (finding the argument that "§ 566.132(2) requires that the financial institution be exposed to some sort of risk of loss before there would be a writing requirement . . . [is] misplaced."); *see also Loeffler v. BAC Home Loans Servicing, L.P.*, No. 11-cv-13711, 2012 WL 666750, at *5 (E.D. Mich. Feb. 29, 2012) (collecting cases). Contrary to Plaintiffs' assertion, federal courts in Michigan have consistently applied the statute of frauds to alleged promises regarding loan modifications. *See, e.g.*, *Helmus v. Chase Home Fin., LLC*, 890 F. Supp. 2d 806, 813 (W.D. Mich. 2012); *Saad*, 2013 WL 345628, at *7; *Williams v. JP Morgan Mortg. Acquisition Corp.*, No. 09-12106, 2010 WL 1052356, at *3 (E.D. Mich. Mar. 19, 2010).

For these reasons, Plaintiffs' fraudulent inducement and fraud/misrepresentation claims will be dismissed.

## C. Promissory Estoppel

Plaintiffs next raise a claim of promissory estoppel. Under Michigan law, promissory estoppel requires: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise

must be enforced if justice is to be avoided." *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. Ct. App. 1999).

The statute of frauds also applies to Plaintiffs' claims of promissory estoppel. *Helmus*, 890 F. Supp. 2d at 815-16. Accordingly, for the reasons mentioned above, Plaintiffs' claim of promissory estoppel also fails. Further, even if the statute of frauds did not apply, Plaintiffs base this claim on a promise that "if Plaintiffs submitted the required loan modification documents, their loan modification request would be reviewed." (Pls.' Resp. to Mot. Summ. J. 14.) As stated above, there is no dispute that Plaintiffs' application *was* reviewed on numerous occasions. Plaintiffs' dissatisfaction with the outcome of the review is not an adequate basis for a promissory estoppel claim.

**D. Good Faith and Fair Dealing**

"Michigan law recognizes an implied covenant of good faith and fair dealing, which applies to the enforcement and performance of contracts." *Tubby's #14, Ltd. v. Tubby's Sub Shops, Inc.*, No. 04-70918, 2006 WL 2796181, at *15 (E.D. Mich. Sept. 27, 2006) (citing Mich. Comp. Laws § 440.1203). This implied covenant of good faith and fair dealing does not, however, create an independent cause of action. *Id.*; *see also Burton v. Beaumont Hosp.*, 373 F. Supp. 2d 707, 718 (E.D. Mich. 2005) ("Michigan does not . . . recognize a claim for breach of an implied covenant of good faith and fair dealing separate from an action on the underlying contract."). In order to invoke the implied covenant of good faith and fair dealing,

"a litigant must show that a party breached the underlying contract itself." *Gay v. Fannie Mae*, No. 315868, 2014 WL 4215093, at *2 (Mich. Ct. App. Aug. 26, 2014).

In this case, Plaintiffs admit that they "have not asserted a breach of contract claim." (Pls.' Resp. to Mot. Summ. J. 12.) Because Plaintiffs have not attempted to prove that any underlying contract was breached, and because the implied covenant of good faith and fair dealing does not create an independent cause of action, this claim will be dismissed.

**E. Set Aside Sheriff's Sale, Declaratory Relief, and Injunctive Relief**

Plaintiffs also request that this Court set aside the Sheriff's Sale, and issue declaratory and injunctive relief. In order to set aside a foreclosure sale after the statutory redemption period has expired, plaintiffs in Michigan must make a clear showing of fraud or irregularity. *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993); *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969). And "[n]ot just any type of fraud will suffice. Rather, '[t]he misconduct must relate to the foreclosure procedure itself.'"*Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 360 (6th Cir. 2013) (quoting *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013) and collecting Michigan case law). Here, Plaintiffs' fraud claims do not relate to the foreclosure procedure itself, but instead to the loan modification process. "A violation of the loan modification statute does not amount to fraud or irregularity in the foreclosure procedure itself." *Gjokaj v. HSBC Mortg. Servs., Inc.*, 602 F. App'x 275, 278 (6th Cir. 2015). Thus, contrary to Plaintiffs'

13

assertion, they have not "demonstrated the requisite fraud or irregularity with regards to the foreclosure process."

As far as Plaintiffs' requests for declaratory and injunctive relief, these claims "are remedies rather than causes of action." *Phillips v. Green Tree Servicing LLC*, No. 15-13582, 2016 WL 627903, at *5 (E.D. Mich. Feb. 17, 2016); *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. Ct. App. 2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."); *Mettler Walloon, L.L.C. v. Melrose Twp.*, 761 N.W.2d 293, 317 (Mich. Ct. App. 2008) ("[D]eclaratory relief is a remedy[], not a claim."). Further, Plaintiffs' response brief fails to mention these claims. Accordingly, the claims will be dismissed.

## IV.

For the reasons stated above, Defendant's motion for summary judgment will be granted. A separate order and judgment will enter consistent with this opinion.

Dated: <u>April 26, 2016</u>             /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE